UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES BOYD, LINWOOD WILLIAMS,
GENE BOYD, SANDRA HARRIS, OSCAR
TURNER, LORI GASTON, LETITIA FENNEL
BROWN, ANDRE SHANKS, WILLIAM
BASSETT, BILLY GRAHAM, CHRISTOPHER
CRAYTON and JAMES COOPER, individually
and on behalf of all other similarly situated     MEMORANDUM & ORDER
individuals,                                      00-CV-2249 (RRM)(RML)

              Plaintiffs,

    - against -

INTERSTATE BRANDS CORPORATION,
d/b/a WONDER BREAD, d/b/a HOSTESS,
d/b/a DRAKES,

              Defendants.
-----------------------------------------------------------X
MAUSKOPF, United States District Judge.

On February 5, 2009, United States Magistrate Judge Robert M. Levy issued a Report and Recommendation (Docket No. 156) (the "Report and Recommendation") recommending denial of plaintiffs' motion pursuant to Federal Rule of Civil Procedure 23 to certify a class of similarly situated individuals in this employment discrimination lawsuit against defendant Interstate Brands Corporation ("IBC"). No objections to the Report and Recommendation were filed by any party. Upon a review of the record, and for the reasons below, this Court concludes that there is no clear error on the face of the record, and adopts the Report and Recommendation in full. Plaintiffs' motion for class certification is therefore DENIED.

## DISCUSSION

I. **Standard of Review**

When an objection is made to the magistrate judge's disposition of a dispositive motion, the "district judge must determine de novo any part of the . . . disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, when no objections have been made, this Court may adopt the report so long as it is not facially erroneous. See Fed. R. Civ. P. 72(b), advisory committee's note (citing Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)); see, e.g., Marrero v. Keane, No. 93 Civ. 3573, 1995 U.S. Dist. LEXIS 1833, at *1–2 (S.D.N.Y. Feb. 16, 1995); Nelson v. Smith, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985).

II. **Magistrate Judge Levy's Report and Recommendation Is Not Facially Erroneous**

A party seeking class certification must satisfy all four elements of Rule 23(a) and at least one element of Rule 23(b). Id. at 26 (citing McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 222 (2d Cir. 2008)). Furthermore, a judge tasked with assessing a class certification motion must resolve any factual disputes that are relevant to the requirements of Rule 23, even when this requires examination of an overlapping merits issue. Id. at 29 (citing Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.), 471 F.3d 24, 41 (2d Cir. 2006)).

Following a thorough analysis of plaintiffs' contentions and the evidence submitted in support thereof, Magistrate Judge Levy found that plaintiffs failed to meet the requirement of Rule 23(a)(2) that they demonstrate the existence of questions of law or fact common to the class, and so recommended that their motion for class certification should be denied.[1] Id. at 34–51. In order to establish commonality, plaintiffs must show that "the challenged practice is

---

[1] This Court recognizes the significant work done in this case by both Magistrate Judge Levy and counsel for the parties. In addition to reviewing the extensive briefing on plaintiffs' motion for class certification, the Magistrate Judge also held oral argument and allowed the parties to submit supplemental, post-argument briefing on issues raised during that argument. It is clear that this is a case in which all of the issues were thoroughly and vigorously aired.

causally related to a pattern of disparate treatment or has a disparate impact." Id. at 36 (quoting Caridad v. Metro-North Commuter R.R., 191 F.3d 283 (2d Cir. 1999)). Demonstrating such a causal relation requires plaintiffs to offer significant statistical proof that the alleged discrimination has had an effect on the class as a whole. Id. at 37 (citing Gen. Tel. Co. v. Falcon, 457 U.S. 147, 159 n.15 (1982); Caridad, 191 F.3d at 292).

In evaluating the motion for class certification, Magistrate Judge Levy grouped plaintiffs' claims into two categories, (1) claims regarding subjective personnel policies and (2) claims regarding racial harassment, analyzing each separately. Regarding the first set of claims, the Magistrate Judge found that plaintiffs had put forth sufficient evidence to show that IBC's personnel policies were subjective, but had failed to offer statistical proof demonstrating a causal relation between the challenged policies and a pattern of disparate treatment or disparate impact. Id. at 38–46. Plaintiffs' proof consisted of expert reports from Dr. Mark F. Killingsworth, a professor of economics at Rutgers University, who analyzed data regarding promotions between 1996 and 2000. (See Declaration of Mark F. Killingsworth, dated Sept. 18, 2006 (attached as Ex. MM to Declaration of Robert B. Stulberg, dated June 19, 2007 (Docket No. 132)); Reply Declaration of Mark F. Killingsworth, dated Nov. 27, 2007 (attached as Ex. Q to Reply Declaration of Robert B. Stulberg, dated Nov. 27, 2007 (Docket No. 147)).) Defendants offered their own expert testimony from Dr. Donald R. Deere, consisting of both a critique of Dr. Killingsworth's methods and conclusions and a separate analysis of the promotions data concluding that there was no statistical evidence of race discrimination. (See Declaration of Donald R. Deere, dated Jan. 22, 2007 (attached as Ex. 3 to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23 (Docket No. 136) ("Defs.' Mem.")); Supplemental Declaration of Donald R. Deere, dated Apr. 2, 2007

(attached as Ex. 4 to Defs.' Mem.); Second Supplemental Declaration of Donald R. Deere, dated Jan. 4, 2008 (attached as Ex. 1 to Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23 (Docket No. 152)); see generally Report and Recommendation at 22–26 (summarizing the statistical evidence).) Upon review of this evidence, the Magistrate Judge concluded that, even accepting plaintiffs' expert's opinions at face value:

> [P]laintiffs cannot get past the fact that Dr. Killingsworth did not find a statistically significant disparity in promotion rates between African-American and non-African-American employees at IBC. In other words, plaintiffs' statistics do not demonstrate common questions of fact because they do not tend to show that being African American has had a widespread effect on employees' promotions, demotions, or work assignments.

Id. at 40. Given that plaintiffs' own expert could not demonstrate statistically significant evidence of discrimination, this Court agrees with Magistrate Judge Levy's conclusions and finds that they are not facially erroneous.

Regarding plaintiffs' second set of claims, that the named class members' anecdotes of racially motivated harassment presented a common issue of law and fact for the entire class, the Magistrate Judge examined the evidence and found that plaintiffs had failed to demonstrate that the limited instances of harassment identified could support a finding that questions common to the class existed with respect to racially motivated harassment. Id. at 46–50. The incidents related by plaintiffs fail to establish an inference of class-wide impact, and courts evaluating similar claims have denied class certification. See id. at 48–49 (citing Carlson v. C.H. Robinson Worldwide, Inc., No. 02-Civ-3780, 2005 WL 758602, at *13 (D. Minn. Mar. 31, 2005); Faulk v. Home Oil Co., 184 F.R.D. 645, 659 (M.D. Ala. 1999); Levels v. Akzo Nobel Salt, Inc., 178 F.R.D. 171, 177 (N.D. Ohio 1998)). Furthermore, the Magistrate Judge had at an earlier point in this litigation (May 19, 2003) established a procedure whereby the plaintiffs could report racially

4

offensive conduct, harassment, discrimination, or retaliation, yet no such incidents had been reported. Id. at 49–50. Accordingly, Magistrate Judge Levy's recommendation that certification of this second set of claims be denied is not facially erroneous.

Because the Magistrate Judge found that plaintiffs had failed to meet their burden of establishing commonality under Rule 23(a), it was unnecessary to analyze the remaining requirements of Rule 23. Id. at 50; see also McLaughlin, 522 F.3d at 222; In re Zyprexa Prods. Liab. Litig., 253 F.R.D. 69, 191 (E.D.N.Y. 2008) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997)). Accordingly, the Magistrate Judge recommended that plaintiffs' motion for class certification be denied in its entirety. Id. at 51.

## CONCLUSION

Upon this Court's review of the record, Magistrate Judge Levy's unobjected to Report and Recommendation that plaintiffs' motion for class certification be denied is not facially erroneous. Accordingly, the said Report and Recommendation is hereby adopted in full. It is therefore ORDERED that Plaintiffs' motion for class certification is DENIED.[2]

SO ORDERED.

Dated: Brooklyn, New York
March 3, 2009

_____ /
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] Plaintiffs' failure to file timely objections to the Magistrate Judge's Report and Recommendation serves as a waiver of their right to appeal this Order. See 28 U.S.C. § 636(b)(1); Report and Recommendation at 51.

5